# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND M. VETTEL, JR., *et al.*, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>BASSETT TRUCKING LLC, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 1:17-CV-400-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint [DE 22], filed by Plaintiffs Raymond M. Vettel, Jr., Joshua D. Vettel, Michael E. Tournor, and Shari K. Vettel on March 1, 2018. Defendants filed a response in opposition on March 6, 2018, and Plaintiffs filed a reply on March 12, 2018.

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint against Defendants Massett Trucking LLC, Bassett Transportation Services Inc., and Mark A. Harmon on September 15, 2017, alleging injuries resulting from a motor vehicle accident involving two semi-trucks, one of which was driven by Plaintiff Raymond M. Vettel, Jr. and in which Plaintiff Joshua D. Vettel and Michael E. Tournor were passengers, and the other of which was driven by Defendant Mark A. Harmon, who was employed by one or both of the other Defendants.

Defendants filed their Answer on October 4, 2017. On November 1, 2017, the Court held a Rule 16(b) preliminary pretrial conference and set the deadline for Plaintiffs to file motions for leave to amend the pleadings for January 26, 2018, and the discovery deadline for July 27, 2018.

# ANALYSIS

In the instant motion, Plaintiffs seek leave of Court to amend their complaint to withdraw Plaintiff Joshua Vettel's claim for past, present, and future loss of income and loss of earning capacity and to add a request for punitive damages and language supporting that request.

Plaintiffs indicate that, during the discovery process, Plaintiffs counsel uncovered evidence that Defendant Harmon made statements at the scene of the accident admitting that he and his employer knew that Harmon was driving on very little sleep and that he had significantly exceeded the number of federally allowed driving hours before beginning the trip he was on at the time of the accident.

As an initial matter, this case is governed by Federal Rules of Civil Procedure 6(b) and 16 because the instant motion was filed after the deadline for the amendment of pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011) (discussing the interplay between Federal Rules of Civil Procedure 15(a) and 16(b)). Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Plaintiffs explain that they uncovered what they believe to be evidence sufficient to support a request for punitive damages during the course of discovery. Plaintiffs represent that, on February 7 and 8, 2018, Defendants deposed Plaintiffs. At the depositions, two of the Plaintiffs testified that

Defendant Harmon made specific statements at the scene of the accident of knowingly driving over the permitted hours and with very little sleep and that the same was known to the other Defendants as well. Based on this information, Plaintiffs believe that Defendants acted knowingly and intentionally regarding Defendant Harmon's fatigue and excess of driving hours.

Plaintiffs represent that they acted promptly after the depositions to amend their complaint. They state that they delivered a draft of an amended complaint to Defendants on February 16, 2018, just over one week after Plaintiffs' depositions concluded. The instant motion was filed just under five weeks after the expiration of the deadline to seek to amend pleadings and under one month after Plaintiffs' depositions. Plaintiffs' counsel represents that prior to Plaintiffs' depositions, counsel was unaware of the alleged statements made by Defendant Harmon at the scene of the accident. Defendants argue that there is no good cause for extending the deadline to seek leave to amend the pleadings because the information learned at Plaintiffs' depositions should have been known to Plaintiffs and their counsel prior to the depositions. Nonetheless, the Court finds that, based on the representations about information that came to light at the depositions, Plaintiffs have shown both good cause under Rule 16(b) and excusable neglect under Rule 6(b) for seeking leave to amend their Complaint after the expiration of the court-imposed deadline of January 26, 2018.

Motions for leave to amend complaint are freely granted when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002)).

3

Defendants do not oppose the request to withdraw certain claims of Plaintiff Joshua Vettel, but Defendants oppose the request to amend the complaint to add a demand for punitive damages and language supporting that demand on the basis that such an amendment would be unduly prejudicial and is the result of undue delay.

Delay itself is not a sufficient ground to deny a motion to amend. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). But delay is a factor to consider, and "the longer the delay, the greater the presumption against granting leave to amend." *Id.* (citations and quotation marks omitted). "Delay must be coupled with some other reason" to deny a motion for leave to amend. *Dubicz*, 377 F.3d at 793. The "some other reason" is usually prejudice to the opposing party. *Id.*

Defendants argue that the delay in bringing the demand for punitive damages is inexcusable. Defendants assert that Plaintiffs' counsel should have long been aware of the facts supporting punitive damages. This argument has some merit, as all of the "new evidence" cited by Plaintiffs in support of allowing amendment after the passing of the deadline to seek leave to amend was provided by Plaintiffs themselves. However, this testimony was provided in response to questions posed by Defendants at Plaintiffs' depositions, and Plaintiffs' counsel represent that they were not aware of the basis for punitive damages until February 7 and 8, 2018.

Regarding prejudice, Defendants argue that they are prejudiced because they concluded, after the statute of limitations for actions occurring on the date of the motor vehicle accident passed on September 17, 2017, that there was no demand for punitive damages. Defendants then "prepared their defense accordingly." (Resp., 3, ECF No. 23). Defendants further state that allowing

4

amendment would undercut the statute of limitations' purpose of providing a date after which a person can "move on, psychologically and otherwise" from the threat of a particular claim. *Id.* at 5.

However, Federal Rule of Civil Procedure 15 allows an amended complaint to relate back to the date of the original complaint when the law that provides the applicable statute of limitations allows relation back or when the amendment asserts a claim that arises out of the conduct, transaction, or occurrence set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(A), (B). Amended pleadings are common in federal civil litigation. Though Defendants may have prepared their defense on the basis that no punitive damages demand had yet been made, they—or, at least, their counsel—should not have assumed that Plaintiffs would under no circumstances be allowed to make a punitive damages demand at a future date. For example, Defendants appear to concede that if, instead of Plaintiffs' testimony, an independent witness provided evidence to support a punitive damages claim, then the addition of a punitive damages claim would not be prejudicial and would be allowable. (*See* Resp., 5, ECF No. 23).

Further, the desire to remove the cloud of litigation over a person is tempered by Rule 15's provision regarding relation back. The passing of the deadline set by the statute of limitations does not render unsuccessful every attempt to amend pleadings regarding claims with expired statute of limitations periods.

Defendants contend that they have been prejudiced because they would have questioned Plaintiffs differently at the depositions had they known that punitive damages were a possibility. However, as stated above, defense counsel should have known that punitive damages were still a possibility. Notwithstanding this, the Court notes that, if amendment is allowed, some prejudice will occur in the form of the expense of redeposing Plaintiffs, and perhaps other deponents, on matters

5

relevant to punitive damages. However, there are still almost four months until the currently scheduled discovery deadline expires, and Plaintiffs inform the Court that they do not object to sitting for additional depositions on the punitive damages issue. The prejudice to Defendants is not undue, the delay is slight, and good cause has been shown. The Court finds that justice requires leave to amend be granted under the circumstances in this case.

## CONCLUSION

Based on the foreogoing, the Court hereby **GRANTS** the Plaintiffs' Motion for Leave to Amend Complaint [DE 22]. The Court **ORDERS** Plaintiff to **FILE** the Amended Complaint on or before **April 4, 2018**.

SO ORDERED this 29th day of March, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT